## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

EDDIE ABERNATHY,
    *Plaintiff*,

v.

COMMISSIONER OF CORRECTION,
WARDEN AT CHESHIRE
CORRECTIONAL INSTITUTION
("C.C.I."), & JOHN DOE OFFICER(S) AT
SOUTH BLOCK,
    *Defendants*.

No. 3:20-cv-628 (VAB)

## INITIAL REVIEW ORDER

On May 6, 2020, Eddie Abernathy ("Plaintiff"), a sentenced inmate[1] proceeding *pro se* and currently in the custody of the Department of Correction ("DOC"), filed a Complaint under 42 U.S.C. § 1983, concerning an incident in which Mr. Abernathy slipped and fell on a wet floor.[2] Compl., ECF No. 1 (May 6, 2020).

He brings claims under the Fifth, Fourteenth, and Eighth Amendment for deliberate indifference to his conditions of confinement against the DOC Commissioner, the Cheshire Correctional Institution ("C.C.I.") Warden, and John Doe Officers, who were in charge of his housing in the South Block-2 at C.C.I.

---

[1] The Court takes judicial notice of the public record on the Department of Correction ("DOC") website showing Mr. Abernathy was sentenced to fifty years of incarceration on June 6, 2020. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (court may "take judicial notice of relevant matters of public record."); http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=239453.

[2] On June 8, 2020, Magistrate Judge William I. Garfinkel granted Mr. Abernathy's motion to proceed *in forma pauperis*. Order, ECF No. 11 (June 8, 2020).

1

Mr. Abernathy seeks damages and injunctive and declaratory relief.[3] Mr. Abernathy has also filed a motion for summary judgment. Mot. for Summ. J., ECF No. 12 (June 15, 2020).

After initial review of the Complaint, the Court will **DISMISS** the Complaint without prejudice.

## I.   FACTUAL BACKGROUND[4]

On August 22, 2019, while at C.C.I., Mr. Abernathy allegedly left his cell in South Block-2 to report to his assigned work detail. Compl. ¶ 7. Upon leaving his cell, he allegedly slipped and fell on a floor saturated with water. *Id.* ¶ 8.

On that day, the heating, ventilation, and air conditioning ("HVAC") system, which keeps the C.C.I. environment dry, allegedly had not been working. *Id.* at ¶ 17. As a result of the inoperative HVAC, the floor in Mr. Abernathy's housing unit allegedly became wet with condensation. *Id.* at ¶ 18. The HVAC system at C.C.I. allegedly malfunctions frequently. *Id.* at ¶ 22. John Doe Officer[s] allegedly tour the housing unit at fifteen-minute intervals and allegedly should have been aware of the condition of the wet floor. *Id.* at ¶ 23.

On September 2, 2019, Mr. Abernathy allegedly filed a request for treatment for his lower back and shoulder from the medical unit at C.C.I. *Id.* at ¶ 9. He allegedly received the response: "seen by APRN 9/5." *Id.* at 16 ¶ 10.

On September 6, 2019, Mr. Abernathy allegedly filed another request for treatment for his pain with the medical unit. *Id.* ¶ 11. On September 8, 2020, he allegedly received a response, stating: "Give the medication that was prescribed time to work." *Id.* at 17 ¶ 12.

---

[3] The Court construes Mr. Abernathy's claims as being brought against the defendants in their individual and official capacities.
[4] All factual allegations are drawn from the Complaint. Compl. ECF No. 1 (May 7, 2020).

On September 17, 2019, Mr. Abernathy allegedly filed a third request for treatment for his ongoing pain with the medical unit. *Id.* ¶ 13. On September 21, 2019, Mr. Abernathy's third request was allegedly answered with: "Seen by medical 9/18." *Id.* at 18 ¶ 14.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## III.   DISCUSSION

Mr. Abernathy alleges claims of deliberate indifference to the conditions of confinement under the Fifth, Eighth, and Fourteenth Amendments.

As Mr. Abernathy is a sentenced prisoner, his conditions of confinement claims are analyzed under the Eighth Amendment rather than the Fourteenth Amendment, which applies to claims brought by pretrial detainees. *See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979) ("The Court of Appeals properly relied on the Due Process Clause rather than the Eighth Amendment in considering the claims of pretrial detainees. . . . A sentenced inmate, on the other hand, may be

punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment."); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

The Fifth Amendment, meanwhile, applies to the federal government, not to the states. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"); *Ambrose v. City of New York*, 623 F. Supp.2d 454, 466–67 (S.D.N.Y. 2009).

Accordingly, because Mr. Abernathy is not a pretrial detainee and is alleging his claims against employees of the State of Connecticut, the Court will dismiss his Fifth and Fourteenth Amendment claims.

The Court first will consider whether Mr. Abernathy may assert his Eighth Amendment official capacity claims against the Defendants. Mr. Abernathy's Complaint requests damages, injunctive relief and a declaratory judgment. ECF No. 1 at 7-9.

### A.     Official Capacity Claims

As a preliminary matter, any claims for money damages against the defendants, who are state employees, in their official capacities are barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

In *Ex parte Young*, 209 U.S. 123 (1908), the United States Supreme Court recognized a limited exception to the Eleventh Amendment's grant of sovereign immunity from suit to permit a plaintiff to sue a state official acting in an official capacity for prospective injunctive relief for continuing violations of federal law. *Id.* at 155–56; *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005). "A plaintiff may sue a state official acting in his official

capacity—notwithstanding the Eleventh Amendment—for 'prospective injunctive relief' from violations of federal law." *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007).

Mr. Abernathy seeks a declaratory judgment stating that he was subjected to the Defendants' deliberate indifference to his safety in violation of his constitutional rights. Compl. ¶ 33. The exception to Eleventh Amendment immunity, however, "does not permit judgments against state officers declaring that they violated federal law in the past." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993). Because Mr. Abernathy is seeking declaratory relief premised on the Defendants' past conduct, his claims are not plausible, as they are barred by the Eleventh Amendment. *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young* . . . to claims for retrospective relief.").

With respect to his claims for injunctive relief, "[i]n the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer*, 511 U.S. at 846-47) (other citations omitted). Federal courts can order prospective relief "in any civil action with respect to prison conditions," provided it "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a).

Injunctive relief afforded by a court must be narrowly tailored or proportional to the scope of the violation and extend no further than necessary to remedy the violation. *Brown v. Plata*, 563 U.S. 493, 531 (2011). Thus, the court should reject "remedial orders that unnecessarily reach out to improve prison conditions other than those that violate the Constitution." *Id*. Moreover, a claim for injunctive relief may only proceed against a defendant

to the extent that a defendant has the power to remedy the alleged on-going constitutional violation. *See Scozzari v. Santiago*, No. 3:19-CV-00229 (JAM), 2019 WL 1921858, at *6 (D. Conn. Apr. 29, 2019) ("A request for prospective relief is only cognizable if an ongoing constitutional violation is taking place[.]"); *Loren v. Levy*, No. 00 Civ. 7687(DC), 2003 WL 1702004, at *11 (S.D.N.Y. Mar. 31, 2003) ("actions involving claims for prospective ... injunctive relief are permissible provided the official against whom the action is brought has a direct connection to, or responsibility for, the alleged illegal action").

Here, Mr. Abernathy asks the Court to order the Defendants to provide him medical procedures "not presently administered at C.C.I., e.g., Magnetic Resonance Imaging ("MRI"), Computed Tomography ("CT"), inter alia[,] to determine the injury/or injuries that cannot be diagnosed by medical procedures presently administered at C.C.I., i.e., x-ray." Compl. ¶ 34. Because this request would require the Court to order medical relief beyond the scope of remedying his conditions of confinement claim based on deliberate indifference to his safety at C.C.I., this claim for injunctive relief is not plausible. Nor has Mr. Abernathy alleged an ongoing constitutional violation, as his claim is based upon the conditions at C.C.I. on August 22, 2019.

Accordingly, the Court will dismiss Mr. Abernathy's official capacity claims against the Defendants.

B. **Individual Capacity Claims**

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). The Second Circuit has defined "personal involvement" as direct participation, such as "personal participation by one who has knowledge of the facts that

rendered the conduct illegal," or indirect participation, such as "ordering or helping others to do the unlawful acts." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (citation omitted).

Mr. Abernathy has alleged his Eighth Amendment claims for damages against unnamed John Doe Officer[s] who were allegedly in charge of Mr. Abernathy's housing unit; the C.C.I. Warden, who was allegedly in charge of all operations at C.C.I.; and the DOC Commissioner, who was allegedly in charge of the operation of the DOC.

With respect to his claims against the DOC Commissioner and the C.C.I. Warden, Mr. Abernathy cannot sue these defendants for damages solely because of their supervisory position. *See Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973) (doctrine of *respondeat superior* does not suffice for claim of monetary damages under § 1983). He may only recover damages against a supervisory official by showing that the official was "personally involved" in the constitutional deprivation in one of five ways: (1) the official directly participated in the deprivation; (2) the official learned about the deprivation through a report or appeal and failed to remedy the wrong; (3) the official created or perpetuated a policy or custom under which unconstitutional practices occurred; (4) the official was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) the official failed to take action in response to information regarding the unconstitutional conduct. *Wright*, 21 F.3d at 501; *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003) (accord).

In addition to satisfying one of these requirements, a plaintiff also must establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation. *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014); *see also Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002) (plaintiff must show "an affirmative causal link" between the supervisor's

involvement and the constitutional injury.). A general allegation that a defendant failed to supervise subordinates is insufficient to establish personal involvement without a factual connection between that supervisory defendant's alleged failure and the alleged resulting harm to the plaintiff. *See Samuels v. Fischer,* 168 F. Supp. 3d 625, 639 (S.D.N.Y. 2016) ("a general allegation that [defendants] . . . failed to train subordinates, however, is insufficient to establish personal involvement, absent some factual connection between their failure to train and the harm that eventually befell [p]laintiff") (collecting cases).

Mr. Abernathy has not alleged how either the DOC Commissioner or the Warden were personally involved in the incident on August 22, 2019. He has not alleged that either the Warden or the Commissioner (1) were directly involved with inspecting and remedying the conditions of the South-Block-2 unit; (2) had perpetuated a custom or policy that resulted in Mr. Abernathy's injury due to the slippery floor; (3) were grossly negligent in supervising any John Doe Officer[s]; or (4) were aware that that a portion of the floor in South Block-2 had become saturated with water but failed to remedy the condition posing a risk to Mr. Abernathy's safety.

Accordingly, these claims will be dismissed as not plausible under 28 U.S.C. § 1915A(b)(1).

### 1. Eighth Amendment Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment "places restraints" and imposes duties on prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). Thus, the Eighth Amendment protects against punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Although the Constitution does not require "comfortable" prison conditions, the Eighth Amendment requires

9

prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care," and to "take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832–33.

To state a deliberate indifference to health or safety claim under the Eighth Amendment, an inmate must demonstrate both an objective and a subjective element. To meet the objective element, an inmate must allege that he was incarcerated under conditions that resulted in a "sufficiently serious" deprivation, such as the denial of a "life[ ] necessit[y]" or a "substantial risk of serious harm." *Id.* at 834 (internal quotation marks and citations omitted).

To meet the subjective element, an inmate must allege that the defendant prison officials possessed culpable intent, that is, the officials knew that he faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *See id.* at 834, 837. Thus, an allegation of "mere negligen[t]" conduct is insufficient. *Id.* at 835. Rather, the subjective element requires that a plaintiff allege that prison officials acted with "a mental state equivalent to subjective recklessness, as the term is used in criminal law." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).

Relevant to the claims of Eighth Amendment deliberate indifference by the John Doe Officer[s], the Second Circuit has recently confirmed, "slip-and-fall claims are seldom viewed as having constitutional dimension" and allegations of a slippery wet prison floor resulting in a plaintiff's fall do not raise an Eighth amendment claim about an unsafe condition that violates contemporary standards of decency. *McCray v. Lee*, 963 F.3d 110, 115, 120 (2d Cir. 2020) ("As the district court noted, McCray's Complaint did not make any claims of exceptional circumstances that would elevate the Green Haven yard conditions beyond the typical level of danger presented by a slippery sidewalk or a wet floor."); s*ee also* M*artinez v. Schriro*, No. 14-

CV-3965, 2017 WL 87049, at *5 (S.D.N.Y. Jan. 9, 2017) ("As courts in this circuit have regularly found, wet floor conditions that cause a prisoner to slip and fall do not constitute an Eighth Amendment violation.") (collecting cases).

Because Mr. Abernathy's allegations do not raise any exceptional circumstances indicating that he was exposed to a risk of harm "beyond the typical level of danger presented by a … wet floor[,]" the Court concludes that he has not established the objective requirement of the Eighth Amendment analysis. *McCray*, 963 F.3d at 120.

Even if he could satisfy the objective component, Mr. Abernathy's allegations suggest that the John Doe Officer[s] acted negligently because they should have noticed that the wet floor during their alleged tours of the unit every fifteen minutes. ECF No. 1 at ¶ 23. He has stated in conclusory terms that the John Doe Officer[s] "were, or should have been, aware" of the unsafe condition. *Id.* These allegations, however, do not show that the John Doe Officer[s] consciously disregarded a known risk to Mr. Abernathy's health and safety. *See Conley v. Brysgel*, No. 3:17-CV-322 (VAB), 2020 WL 3619921, at *9 (D. Conn. July 2, 2020) (citing *Rangolan v. Cty. of Nassau*, 217 F.3d 77, 79 (2d Cir. 2000)) (finding plaintiff had not shown deliberate indifference where evidence showed County had taken steps to protect him but had "mistakenly failed to implement them"); *Smith v. Local 819 I.B.T. Pension Plan,* 291 F.3d 236, 240 (2d Cir. 2002) (noting conclusory allegations or legal conclusions are insufficient to state a claim) (citation omitted)).

Accordingly, the Court concludes that Mr. Abernathy has not stated a plausible Eighth Amendment claim based on the condition of the wet prison floor.[5]

---

[5] Moreover, even if the Court had determined that Mr. Abernathy raised a plausible claim against the Doe Officer[s], the Court could not order them served with the Complaint in their individual capacities as they are unidentified defendants.

11

## ORDERS

The claims against all Defendants in their official and individual capacities are **DISMISSED without prejudice**. If Mr. Abernathy believes that he can correct the deficiencies with his Eighth Amendment claim as identified in this Initial Review Order, he may file an Amended Complaint by **September 25, 2020**.

The motion for summary judgment [**ECF No. 12**] is **DENIED without prejudice** as it was prematurely filed before this Court's initial review under 28 U.S.C. § 1915A(b).

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of August, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE