UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDDIE ABERNATHY,
    *Plaintiff*,

v.

COMMISSIONER OF CORRECTION,
et al.,
    *Defendants*.

No. 3:20-cv-00628 (VAB)

**ORDER**

On May 6, 2020, Eddie Abernathy ("Plaintiff"), proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983, concerning an incident in which Mr. Abernathy allegedly slipped and fell on a wet floor. Compl., ECF No. 1 (May 6, 2020).

On April 2, 2021, the Court issued an initial review order permitting Mr. Abernathy's Eighth Amendment claims to proceed against the John Doe Defendants and dismissing any Fourteenth Amendment, official capacity claims and claims against the Commissioner of the Department of Correction ("DOC Commissioner") and the Warden of the Cheshire Correctional Institution ("Cheshire"). Initial Review Order, ECF No. 19 (April 2, 2021) ("IRO"). The Court instructed Mr. Abernathy to obtain information about the John Doe Defendants and to file an Amended Complaint that identified them. *Id.* at 14. On May 5, 2021, Mr. Abernathy filed an Amended Complaint that identified two John Doe Defendants as Captain James Watson, Correction Officer Marrinellie (first shift) and Correction Officer Vamos (second shift) and continued to reference as "John Doe" the correction officer present for the third shift. Am. Compl., ECF No. 20 (May 4, 2021).

Accordingly, the Court now issues the following orders:

1

(1) Mr. Abernathy's Eighth Amendment claims will proceed against Captain James Watson, Correction Officer Marrinellie (first shift) and Correction Officer Vamos (second shift). The Court will permit Mr. Abernathy until **August 6, 2021** to identify the remaining Doe defendant. After he identifies this Defendant, he should file a Notice of Identification. The Court then will attempt to effect service on this defendant. If Mr. Abernathy fails to identify this Defendant within this time period, the Court will dismiss this defendant from the action.

(2) The Clerk of Court shall mail a courtesy copy of the Amended Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(3) The Clerk of Court shall verify the current work address for Captain James Watson (Unit Manager), Correction Officer Marrinellie, and Correction Officer Vamos with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the Amended Complaint to them at their confirmed addresses by **June 25, 2021**, and report on the status of the waiver request by **July 9, 2021**.

If a Defendant fails to return the waiver request, the Clerk shall make arrangements for in-person individual capacity service by the United States Marshals Service on that Defendant, and that Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) Defendants shall file their response to the Amended Complaint, either an Answer or motion to dismiss, by **September 3, 2021**. If the Defendants choose to file an Answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. The Defendants may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed by **December 3, 2021**. Discovery requests need not be filed with the Court.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(7) All motions for summary judgment shall be filed by **January 7, 2022**. According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(9) The plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court. The plaintiff is advised that the Program may be used only to file documents with the court. Local rules provide that discovery requests are not filed with the Court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of June, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE